FILED
2026 Nov-17 AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JON PIERRE ANDERSON,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **Case No.: 2:26-cv-00693-MHH** |
| **PUBLIX SUPER MARKETS, INC.,** | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION AND ORDER

Mr. Anderson has asked the Court to vacate its order of dismissal and reopen this case. (Doc. 6). Mr. Anderson also asks for permission to proceed *in forma pauperis*, (Doc. 7), and to allow electronic noticing, (Doc. 8).

The Court dismissed this case on June 4, 2026. (Doc. 3). The Court construes Mr. Anderson's motion to reopen the case as a motion under Rule 60. Rule 60 allows a party to seek relief from a final judgment, order, or proceeding for various reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). To satisfy the reasonable time requirement, a party generally must exercise diligence. *Martin v.*

*State*, No. 23-14187, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010)).

In the *in forma pauperis* affidavit, (Doc. 7), and motion to vacate that he filed on June 20, 2026, Mr. Anderson explained that he is homeless, and "[a]ny delay in responding was caused by [his] homelessness, lack of a permanent mailing address, and inability to reliably receive court mail." (Doc. 6, p. 3). Because Mr. Anderson is homeless and has difficulty receiving mail, his delay in responding to the Court's orders is "excusable neglect" under Rule 60(b)(1). Mr. Anderson's delay was relatively minor, and Publix has not been prejudiced by the delay because the company has not been served yet. Therefore, the Court will set aside its order of dismissal.

Mr. Anderson's request for *in forma pauperis* status triggers a two-step inquiry. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, a district court must examine the plaintiff's *in forma pauperis* affidavit and determine whether the plaintiff is economically eligible for *in forma pauperis* status under § 1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). If the plaintiff is economically eligible for *in forma pauperis* status, then the district court must docket the case and move to step two. At step two, the district court must assess whether the allegations in the complaint meet the pleading standard under § 1915(e)(2). *Martinez*, 364 F.3d at 1307; *see also Mitchell v. Farcass*, 112 F.3d

1483, 1486 (11th Cir. 1997). Under 28 U.S.C. § 1915, a district court must dismiss a complaint if the plaintiff's factual allegations are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Additionally, federal courts must "consider their subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n. 38 (11th Cir. 2006) (citing *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409–11 (11th Cir. 1999)).

When reviewing a *pro se* complaint pursuant to § 1915, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

Mr. Anderson's status as homeless and unemployed makes him economically eligible to proceed *in forma pauperis*.[1] Accordingly, the Court grants his motion to proceed *in forma pauperis*, (Doc. 7), and moves to step two of the § 1915 inquiry.

---

[1] Mr. Anderson's most recent *in forma pauperis* affidavit is self-contradictory. For example, Mr. Anderson states he earned $750/month when he was employed by Publix in October 2025, (Doc. 7, p. 1), and also states that he earned no income in the last twelve months, (Doc. 7, p. 2). The Court accepts Mr. Anderson's assertion that he is homeless and unemployed and grants his *ifp* motion for that reason.

In his complaint, Mr. Anderson alleges that he formerly was employed by Publix Super Markets, Inc. (Doc. 1, ¶ 2). On October 30, 2025, Mr. Anderson told an associate grocery manager that he (Mr. Anderson) was being discriminated against by his supervisor, Alan King. (Doc. 1, ¶ 3). The next day, Mr. Anderson "was called into a meeting." (Doc. 1, ¶ 4). Mr. Anderson asked for his lawyer to participate in the meeting via phone, but Mr. King denied the request. (Doc. 1, ¶ 5). Publix terminated Mr. Anderson's employment during the meeting or later that day. (Doc. 1, ¶ 6). Mr. Anderson filed an EEOC charge and received a notice of right to sue on February 3, 2026. (Doc. 1, ¶ 9; Doc. 1-1). Mr. Anderson filed this action on April 27, 2026. (Doc. 1). He asserts a claim under Title VII of the Civil Rights Act of 1964. (Doc. 1, ¶ 1).

Given the liberal pleading standard afforded to *pro se* plaintiffs, Mr. Anderson has stated a claim for retaliation under Title VII. Under Title VII of the Civil Rights Act, it is unlawful "to discriminate against . . . employees . . . because [they have] opposed any practice made an unlawful employment practice by [Title VII], or because [they have] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3. Mr. Anderson appears to allege that Publix fired him because he complained to his manager about race-based discrimination or harassment, which, if proven, is unlawful retaliation under Title VII.

Accordingly, the Court grants Mr. Anderson's motions to vacate dismissal and reopen the case, (Doc. 6), to proceed *in forma pauperis*, (Doc. 7), and to allow electronic noticing, (Doc. 8). The Clerk of Court shall please update Mr. Anderson's address on file to include his email address, TERM Docs. 6 and 7, reopen the case, and email a copy of this order to Mr. Anderson at the email address he has provided. Within 90 days of this order, Mr. Anderson shall provide the Court with the proper address at which to serve the defendant, Publix Super Markets, Inc.[2] Upon receipt of the address at which to serve Publix, the Clerk of Court shall ask the U.S. Marshal Service to serve the defendant. If Mr. Anderson does not provide the Court with an address for service within 90 days of this order or otherwise serve the defendant within 120 days of this order, the Court will dismiss this case for failure to prosecute.

**DONE** and **ORDERED** this November 17, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

[2] Organizations such as Volunteer Lawyers Birmingham, https://www.vlbham.org/, provide free legal services for those who are unable to pay for them. Mr. Anderson may wish to seek assistance from one of these organizations.